UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:01CR-8-R

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

LAWRENCE SMEDLEY                                            DEFENDANT

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lawrence Smedley's *pro se* motion for

sentence modification pursuant to 18 U.S.C. § 3582(c)(2).  Defendant was sentenced on

September 27, 2001, to 188 months in prison following a guilty-plea conviction on four charges

related to manufacturing and possessing methamphetamine and possession of a firearm.

Defendant argues that his sentence should be reduced under Amendment 709 to the Sentencing

Guidelines which went into effect on November 1, 2007.  Amendment 709 addresses the

counting of multiple prior sentences and the use of misdemeanor and petty offenses in

determining a defendant's criminal history score.

Under 18 U.S.C. § 3582(c)(2), a court is authorized to reduce a term of imprisonment if

the defendant's sentence was based on a sentencing range that has subsequently been lowered by

the Sentencing Commission.  A court may reduce a defendant's term of imprisonment pursuant

to § 3582(c)(2) only if the guideline range applicable to the defendant was lowered as a result of

an amendment listed in § 1B1.10(c) of the Sentencing Guidelines.  U.S.S.G. § 1B1.10(a)(1).

"[A]n amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while

amendments not listed are not to be applied retroactively."  *United States v. Jones*, 96 F. App'x

976, 978 (6th Cir. 2004) (citing *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994)).

Amendment 709 is not listed in U.S.S.G. § 1B1.10(c).  Therefore, this Court is not authorized to reduce Defendant's sentence retroactively based on Amendment 709 because doing so would be inconsistent with Sentencing Commission policy.  *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Smith*, 549 F.3d 355, 363 n.2 (6th Cir. 2008) ("The Guidelines authorize such post-conviction reductions on the basis of an enumerated and limited set of amendments, of which the amendment at issue here (709) is not one.").  Other courts that have addressed this issue have also concluded that Amendment 709 cannot be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).  *See, e.g., United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008); *United States v. Abusaid*, 295 F. App'x 362, 365 (11th Cir. 2008); *United States v. Godin*, 522 F.3d 133, 135 (1st Cir. 2008); *United States v. Atchley*, No. 1:03-CR-168-01, 2008 U.S. Dist. LEXIS 92509, *4 (E.D. Tenn. Nov. 13, 2008); *Starks v. United States*, No. 3:08-0599, 2008 U.S. Dist. LEXIS 90062, *3 (M.D. Tenn. Oct. 31, 2008); *Cantu v. United States*, No. 1:07-CV-535, 2008 U.S. Dist. LEXIS 45411, *4 (W.D. Mich. June 11, 2008).[1]

Defendant also argues that Amendment 709 should be applied retroactively on the theory that it is a clarifying amendment.  However, even if Amendment 709 were a clarifying amendment, a clarifying amendment can be applied retroactively in only four situations:  (1) the criminal case is before the District Court for original sentencing; (2) the case is pending on direct appeal from the judgment of conviction and sentence; (3) the clarifying amendment is listed in U.S.S.G. § 1B1.10(c) as retroactive and may be applied retroactively pursuant to § 3582(c)(2); or (4) a federal prisoner brings a motion under 28 U.S.C. § 2255 seeking relief based on the

---

[1]This Court is aware of *United States v. Horn*, 590 F. Supp. 2d 976 (M.D. Tenn. 2008) (applying Amendment 709 retroactively to reduce a defendant's sentence), but is not persuaded by the decision since it is inconsistent with the weight of authority on this point.

clarifying amendment.  U.S.S.G. § 1B1.11(b)(2); *United States v. Geerken*, 506 F.3d 461, 464-66 (6th Cir. 2007); *United States v. DeCarlo*, 434 F.3d 447, 458-59 (6th Cir. 2006); *United States v. Borazanian*, 148 F. App'x 352, 354 (6th Cir. 2005); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 514-15 (6th Cir. 2001); *United States v. Williams*, 940 F.2d 176, 182 (6th Cir. 1991).

None of the four situations exists in this case.  Defendant's case is not presently before this Court at the stage of original sentencing, on direct appeal, or under a § 2255 motion. Moreover, as discussed above, Defendant is not entitled to a retroactive application of Amendment 709 pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion for modification of sentence (DN 57) is **DENIED.**

Date:

cc:      Defendant Smedley, *pro se*
         United States Attorney
4413.010

3